An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-96

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

IN THE MATTER OF:

D.M.G.                                          Guilford County
                                               No. 09 JT 511

Appeal by respondent-father from order entered 14 October 2013 by Judge H. Thomas Jarrell, Jr. in Guilford County District Court. Heard in the Court of Appeals 11 June 2014.

> *Mercedes O. Chut, for petitioner-appellee Guilford County Department of Social Services.*
>
> *Donna Michelle Wright, for guardian ad litem.*
>
> *Windy H. Rose, for respondent-appellant father.*

CALABRIA, Judge.

Respondent-father ("respondent") appeals from the trial court's order terminating his parental rights to his minor child, "David."[1] We affirm.

On 23 July 2010, the Guilford County Department of Social Services ("DSS") filed a juvenile petition alleging David was a

---

[1] A pseudonym is used to protect the identity of the minor child.

neglected and dependent juvenile. At the time the petition was filed, respondent had been named as David's putative father, but it had not been conclusively established that he was David's biological father.

On 5 January 2011, the trial court entered an order which adjudicated David as a neglected and dependent juvenile. Respondent-father submitted to DNA testing on 2 February 2011 and was determined to be David's biological father. The trial court conducted several permanency planning hearings over the following months, during which the permanent plan for David transitioned from reunification with a concurrent plan of adoption, to guardianship with the maternal grandmother, to adoption with a concurrent plan of reunification.

On 22 January 2013, DSS filed a petition to terminate respondent's parental rights, alleging the grounds of neglect, failure to make reasonable progress, failure to legitimate, and willful abandonment. After a hearing, the trial court entered an order which found the existence of all the grounds alleged by DSS and concluded that termination of respondent's parental rights was in David's best interests. Accordingly, the trial court terminated respondent's parental rights as to David. Respondent appeals.

Respondent's counsel has filed a no-merit brief on respondent's behalf in which she states that she has conscientiously and thoroughly reviewed the record on appeal and concluded that there is no issue which would alter the ultimate result. Pursuant to North Carolina Rule of Appellate Procedure 3.1(d), she requests this Court conduct an independent examination of the case. N.C.R. App. P. 3.1(d) (2013). Respondent has not filed his own written arguments.

In addition to seeking review pursuant to Rule 3.1(d), counsel directs our attention to potential issues with regard to whether the trial court erred in concluding that grounds existed to terminate respondent-father's parental rights for neglect, failure to make reasonable progress, failure to legitimate, and willful abandonment. Counsel also directs our attention to the issue of whether it was in David's best interests to terminate respondent's parental rights. Counsel, however, acknowledges that these issues would not alter the ultimate result.

After carefully reviewing the transcript and record, we are unable to find any possible prejudicial error in the trial court's order. The trial court's findings of fact support at least one ground for termination, and the trial court did not abuse its discretion in determining that termination is in the

best interests of the child.  *See* N.C. Gen. Stat. §§ 7B-1110 and 7B-1111 (2013).  Accordingly, we affirm the trial court's order terminating respondent's parental rights as to David.

Affirmed.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).